IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SALENA L. CHRISTOPHERSEN,<br><br>      Plaintiff,<br><br>v.<br><br>METLIFE INVESTORS USA<br>INSURANCE COMPANY,<br><br>      Defendant. | CASE NO. 7:11-cv-05010<br><br>**ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant MetLife Investors USA Insurance Company ("MetLife") answers Plaintiff's Complaint paragraph by paragraph as follows:

    1.    MetLife is without sufficient information to admit or deny the allegations in Paragraph No. 1 and therefore denies them.

    2.    MetLife admits the allegations in Paragraph No. 2.

    3.    MetLife admits that Larry D. Damme dies on July 23, 2010, but it is without sufficient information to admit or deny the remaining allegations in Paragraph No. 3 and therefore denies them.

    4.    MetLife admits that as of July 23, 2010, there was a policy of insurance between Larry D. Damme and MetLife, policy no. 209 016 426USU (the "Policy"). MetLife denies the remaining allegations in Paragraph No. 4.

    5.    MetLife admits that at the time of his death, Mr. Damme had paid all premiums due for the policy, but denies the remaining allegations in Paragraph No. 5.

    6.    MetLife is without sufficient information to admit or deny the allegations in Paragraph No. 6 and therefore denies them.

    7.    MetLife admits the allegations in Paragraph No. 7.

8. MetLife admits the allegations in Paragraph No. 8.

9. MetLife admits it has not paid the policy proceeds to Plaintiff but denies it is obligated to do so.

WHEREFORE, MetLife requests that the Court dismiss Plaintiff's Complaint with prejudice at Plaintiff's costs and attorney's fees and other relief the Court considers appropriate.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred by failure of consideration.

3. Plaintiff's claims are barred the doctrine of fraud.

4. Plaintiff's claims are barred by the doctrine of estoppel.

5. MetLife validly rescinded Mr. Damme's life insurance policy on or about December 14, 2010 and it is void from its inception. Accordingly, there is no contractual relationship between the parties which would require the payment of life insurance benefits by MetLife.

6. Plaintiff failed to exhaust her administrative prerequisites for suit.

Dated this 3rd day of October, 2011.

METLIFE INVESTORS USA INSURANCE COMPANY, Defendant,

By: s/Christopher R. Hedican
Christopher R. Hedican (NE# 19744)
of   BAIRD HOLM LLP
1500 Woodmen Tower
1700 Farnam St
Omaha, NE  68102-2068
Phone: 402-344-0500
Fax: 402-344-0588
Email: chedican@bairdholm.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

James J. Paloucek, Esq.

and I hereby do certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

None.

s/ Christopher R. Hedican

DOCS/1063013.1

3